STONE *v.* DEPOSIT BANK OF FRANKFORT, all argued February 28 and March 2, 1899, and the others are reported below.

---

## STONE, Auditor, *v.* FARMERS' BANK OF KENTUCKY.

## FARMERS' BANK OF KENTUCKY *v.* STONE, Auditor.

Nos. 385, 386. Argued February 28, March 2, 1899. — Decided May 15, 1899.

The decree below, so far as it granted the relief prayed as against the defendants other than the city of Georgetown and the county of Scott, is affirmed by a divided court; and, so far as it adjudicated against the complainant and in favor of the defendants the city of Georgetown and the county of Scott, those defendants not having been parties or privies to the judgments pleaded as *res judicata*, is affirmed upon the authority of the decision in *Citizens' Savings Bank of Owensboro* v. *Owensboro*, 173 U. S. 636.

THESE appeals were taken from a decree rendered in a suit in equity brought by the Farmers' Bank of Kentucky against Samuel H. Stone, auditor, Charles Findly, secretary of State, and G. W. Long, treasurer of the Commonwealth of Kentucky, constituting a state board of valuation and assessment; the board of councilmen of the city of Frankfort; the county of Franklin; the city of Henderson; the county of Henderson; the city of Georgetown; and the county of Scott. The object of the bill and of an amended and supplemental bill was to restrain the valuation of the franchise of the complainant under the provisions of a revenue act of Kentucky, enacted November 11, 1892, as also the certification of such valuation and the collection of taxes thereon for the years 1895, 1896, 1897 and 1898.

It was averred in the bill that the complainant was chartered on February 16, 1850, to endure until May 1, 1880; and that in and by the fifteenth section of the charter of complainant it was provided as follows :

" It shall be the duty of the cashier of the principal bank,

on the 1st day of July, 1851, and on the 1st day of July in each succeeding year during the continuance of this charter, to pay to the treasury of this Commonwealth fifty (50) cents on each one hundred dollars of stock held and paid for in said bank, which shall be in full for all tax or bonus: *Provided*, That no tax shall be paid until said bank goes into operation : *And provided further*, That the tax or bonus hereby proposed to be imposed on each share of stock in this bank, or such as shall hereafter be imposed on each share, is hereby set apart and forever dedicated to the cause of education on the common school system ; and that whenever the same, or any part thereof, shall be diverted otherwise by legislative enactment, said bank shall then be exonerated from the payment of any tax or bonus whatever."

It was further averred that on March 10, 1876, the charter of the bank was extended to May 1, 1905, by the following enactment :

" SEC. 1. That the charter of the Farmers' Bank of Kentucky as amended be extended for the period of twenty-five (25) years from the termination of its charter as therein fixed : *Provided*, That said charter and amendments shall be subject to amendment or repeal by the general assembly by general or special acts : *And provided further*, That whilst the privileges and franchises so granted may be changed or repealed, no amendment or repeal shall impair other rights previously vested."

It was then averred that after the extension of the charter, in consequence of an attempt of the county of Franklin to collect a tax from the bank for county purposes, under the authority of an act of Kentucky passed in 1876, which statute, it was alleged by the bank, was in violation of the charter exemption of the bank, the complainant brought, and carried to a successful termination in 1888, in the Court of Appeals of Kentucky, a suit to enjoin the county named from collecting the taxes complained of. The judgment rendered was pleaded as *res judicata*.

The enactment, on May 17, 1886, of a law, commonly denominated as the Hewitt Act, relating to the taxation of

banks, was next stated in the bill.    An acceptance of the terms
of that act was averred, which it was claimed constituted an
irrevocable contract with the complainant.    It was next
alleged that on November 11, 1892, the legislature of Ken-
tucky passed a revenue act which subjected banks in the State
to county and municipal taxation, and to a much greater rate
of taxation than was provided in the Hewitt Act.    Complain-
ant then pleaded as *res judicata* judgments rendered in 1895
and 1896 in its favor by courts of the State of Kentucky, in
suits brought by the bank to enjoin attempts to collect from
it alleged franchise taxes under the supposed authority of the
revenue act of 1892.    The defendants, who were parties to the
suits in question, were averred to be the county of Franklin
and the sheriff of that county; the board of councilmen of
the city of Frankfort; the city of Henderson; and the county
of Henderson and its sheriff.    The several decrees, it was
alleged, conclusively established that the acceptance of the
Hewitt Act constituted an irrevocable contract with the bank
as respected taxation, and that the revenue act of 1892, in
certain particulars, impaired such contract, and in so far as
it did so was in violation of the Constitution of the United
States and void.

Certain of the defendants filed pleas to the jurisdiction.
All the defendants demurred to the bill, and some filed
answers, to which plaintiff filed replications.    The demurrers
and pleas were overruled, and the cause was heard upon the
pleadings and attached exhibits.    On January 21, 1898, a
final decree was entered sustaining the claims of *res judicata*
made in the bill, and granting the relief prayed for so far as
respected the assessment, certification and collection of fran-
chise taxes for the benefit of the defendants the board of
councilmen of the city of Frankfort, the county of Franklin,
the city of Henderson and the county of Henderson.    It was
held, that by the judgments relied upon by complainant, it
had been conclusively adjudicated as to those defendants that
the Hewitt Act constituted an irrepealable contract, and that
the provisions of the revenue act of 1892 in conflict with
that act impaired the terms of such contract, and were void.

(88 Fed. Rep. 987.) The decree adjudged that as to the defendants the county of Scott and the city of Georgetown, who were found not to have been either parties or privies to the records and decrees constituting *res judicata*, that no irrevocable contract had been established, by judgment or otherwise, and as to those defendants the bill was therefore dismissed. From the decree thus entered both parties appealed to this court.

*Mr. Ira Julian* for Georgetown and Scott County. *Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr. James P. Helm* and *Mr. John W. Rodman* for the banks.

Mr. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The decree below, so far as it granted the relief prayed as against the defendants other than the city of Georgetown and the county of Scott, is affirmed by a divided court. The decree, so far as it adjudicated against the complainant and in favor of the defendants the city of Georgetown and the county of Scott, those defendants not having been parties or privies to the judgments pleaded as *res judicata*, must be affirmed upon the authority of the decision in *Citizens' Savings Bank of Owensboro* v. *City of Owensboro and A. M. C. Simmons, Tax Collector,* 173 U. S. 636.

*And it is so ordered.*

No. 362. Argued February 28, March 2, 1899. — Decided May 15, 1899.