CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLEES, V. CASS COUNTY ET AL., APPELLANTS.

FILED OCTOBER 20, 1904.    No. 13,292.

1. **Res Judicata.** "A 'right, question or fact' distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies, and this even though the second suit is for a different cause of action." *State v. Broatch*, 68 Neb. 687.

2. **Taxes: CAUSE OF ACTION.** A claim for taxes under the assessment for one year is not the same cause of action as a claim for taxes on the same property under an assessment for a prior year.

3. ———: RES JUDICATA. If the liability of property to taxation depends upon the existence of a specific fact, and that fact is necessarily determined in one litigation, it cannot be controverted by the same parties in a subsequent litigation.

4. ———: ———. The west half of the railroad bridge over the Missouri river owned by the company which operates through passenger and freight trains continuously through different counties of this state to and over said bridge, and thence through adjoining states, is "a part of the continuous line of road" within the meaning of sections 39 and 40 of the revenue act in force in 1901 (Compiled Statutes, ch. 77), and is assessable for taxation by the state board and not by local assessors, and a prior adjudication that such bridge so used is not "a part of the continuous line of road" is not an adjudication of fact, and will not operate as an estoppel against the parties to such prior litigation.

5. **Question of Law.** The question whether such bridge so owned and used is "a part of the continuous line of road," within the meaning of said statute, is a question of law, and not a question of fact upon which an estoppel can be predicated.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*Jesse L. Root,* for appellants.

*J. W. Deweese, Byron Clark* and *F. E. Bishop, contra.*

*C. C. Wright* and *W. H. Herdman, amici curiæ.*

SEDGWICK, J.

The principal questions involved in this case are identical with those stated and discussed in *Chicago, B. & Q. R. Co. v. Richardson County, ante,* p. 482, which follows and approves *Chicago, B. & Q. R. Co. v. Richardson County,* 61 Neb. 519, and also in *State v. Back, ante,* p. 402.

There is another question presented in this case which has been thoroughly discussed in the briefs and in the oral argument upon the rehearing. The bridge in question in this case was assessed by the local officers for taxation for the years 1881 to 1885, inclusive, and in the year 1886 the railroad company, having paid those taxes under protest, brought an action in the district court for Cass county to recover the amounts so paid. Afterwards that action was brought to this court, and was determined against the company. *Cass County v. Chicago, B. & Q. R. Co.,* 25 Neb. 348. It is contended that by the judgment in that case the questions involved in the case at bar are *res judicata.* The local authorities assessed this bridge for taxation for the year 1901, and the company brought this action to restrain the collection of the taxes. The district court enjoined the collection of the taxes as prayed, and the case was brought to this court by appeal. The subject matter of the former litigation was the taxes

assessed against this property for the respective years therein named, and the subject matter here is the taxes assessed for the year 1901, so that it cannot be said that the two cases involved the same subject matter, and, strictly speaking, the judgment in the one case could not have been *res judicata* of the subject matter involved in the other. *State v. Savage*, 64 Neb. 684, 703; *State v. Broatch*, 68 Neb. 687.

The real question in dispute between the parties is whether in the former action the rights of the parties and questions of fact, then in dispute between them, have, by that case, been adjudicated so as to estop the parties to that litigation from now questioning the facts so determined. It was said by this court in *State v. Broatch*, 68 Neb. 687:

"A judgment, rendered by a court of competent jurisdiction, determining the rights of the litigants on a cause of action or defense, is an effectual bar against future litigation over the same right determined by such judgment, and is for all time, unless reversed or modified, binding on the parties and their privies in estate or in law. A 'right, question or fact' distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies, and this even though the second suit is for a different cause of action."

Of course, the propositions of law that were advanced by the court as requiring the disposition made of the issues in the former case, if afterwards found to be erroneous, would not be binding upon the court in subsequent litigation between the parties involving a different cause of action. *State v. Savage, supra; State v. Broatch, supra.*

Many authorities are cited and ably discussed in the respective briefs of counsel. Our labors have been much lightened by those discussions and by the oral arguments at the bar. There is substantially no difference of opinion upon the controlling legal principle involved. Specific facts that are so involved in a litigation that the result of

the litigation depends upon the determination of these facts are necessarily settled by that litigation, and the authorities substantially agree that such facts so determined cannot afterwards be controverted by the parties to the former litigation. To determine, then, the question before us, it is necessary to ascertain what facts controlling the rights of the parties in the former case were adjudicated, and how far those facts so ascertained are involved in and necessarily control the decision in this case. The petition in that action alleged that the plaintiff "owns the line of railroad extending from Pacific Junction, in Mills county, Iowa, westwardly across the Missouri river, and through the counties of Cass, Lancaster and other counties farther west in the state of Nebraska; and that it has owned and operated said line of railroad since the 1st day of January, 1880; and that said line of road and property thus owned by the plaintiff is situated in more than one county in the state of Nebraska." The answer alleged "that the said railroad bridge, which spans the Missouri river at Plattsmouth, Nebraska, is a separate and independent structure from the 'roadbed and right of way' of said railroad company," and further alleged "that said railroad bridge has never been operated and controlled by said plaintiff, either in the states of Iowa or Nebraska, as a continuous part of its roadbed and main track; on the contrary, defendant avers and charges that said bridge has been maintained and operated by said corporation plaintiffs always since its construction as a separate and independent structure from its main line."

In the brief for the county in the case at bar it is said: "The real controversy between the railway company and the county of Cass is the right of the local officers to assess and tax the west half of the bridge across the Missouri river near Plattsmouth, in said county," and again, "We now ask this court to say whether in the district court in said cause the issue of fact as well as of law was not raised, litigated and determined."

It is insisted that after the former case had been brought

to this court, and the judgment of the lower court therein reversed and the cause remanded, the case was dismissed and no final judgment entered in the lower court, and that therefore the issues therein presented were not finally adjudicated. If our attention had been called to a showing in this record that the plaintiffs had been allowed by the court to dismiss their former proceedings without prejudice to a future action, we would feel it incumbent upon us to discuss the effect of such dismissal. As it is, we think the question before us is fairly stated by counsel for the county in the foregoing quotation from the brief. It was said in the opinion of the court in the former case that it was alleged in the petition that the taxes "were unlawfully levied and collected, for the reason that the bridge was, at all times, a part of the line of railroad of defendant in error, and legally taxable only as the other portions of the road were taxable; and that the same was for each year reported to the state board of equalization as a part of the railroad, and taxed accordingly, all of which taxes had been paid," and that the answer consisted mainly of specific denials of the allegations of the petition, and "alleged that the bridge was not legally taxable by the state board of equalization; that it was not a part of the roadbed of defendant in error's road; that it was not operated as a part of said road; that it was listed to the precinct assessor for taxation by the duly authorized officers of the railroad company, and that it was legally subject to taxation by the county." The language might indicate that the writer of the opinion considered that the general question whether the bridge was "a part of the line of said road" was the ultimate fact to be determined, and was a simple question of fact upon which the decision in controversy depended; but in construing this language of the learned author of that opinion, it must be borne in mind that he was not discussing a question of *res judicata*. It was not necessary for him to discuss the question whether the result of the litigation depended upon the determination of disputed questions of fact, or depended

upon the application of legal principles to conceded facts.

Although a claim for taxes under the assessment for one year is not adjudicated by a prior adjudication of the validity of a tax upon the same property under assessment for a different year, still, if the liability to taxation depends upon a charter right of exemption, the adjudication of that charter right in one litigation will estop the parties thereto to question that exemption in subsequent litigation. This was distinctly held in *New Orleans v. Citizens Bank*, 167 U. S. 371, 17 Sup. Ct. Rep. 905. This is a case much relied upon by the appellant in the case at bar. The thing in litigation upon which the right to collect the tax in that case depended was the contractual exemption of the bank under its charter, and, it having been determined in the prior litigation that such contractual relations existed, it was held that the parties were estopped to deny it in subsequent litigation. The adjudication of a contract right is an adjudication of fact, and a judgment that necessarily involves the question of the existence of a charter or contract right will be binding upon the same parties in future litigation involving the existence of that right. The existence of such contract right was held to be the thing adjudicated in the former litigation. The court said:

"The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies." Some of the leading cases are then reviewed to illustrate this rule and the court said further: "In *Tioga R. Co. v. Blossburg & C. R. Co.*, 20 Wall. 137, and *Mason Lumber Co. v. Buchtel*, 101 U. S. 638, it was held that when the proper construction of a contract was in controversy, the construction adjudged by the court would bind the parties in all future disputes."

When the court construes a contract and determines the fact that the contract exists with the construction given it, and the rights of the parties are made to depend upon the existence of such contract, the parties are estopped in future litigation to deny its existence.

In *Chicago, B. & Q. R. Co. v. Richardson County*, 61 Neb. 519, it is made plain that the court was construing the statute and merely applying its provisions to conceded facts. The court said:

"It is conceded by defendants that the bridge over the Missouri river at Rulo, on the west half of which the taxes in dispute were levied, is owned and used by plaintiff as a part of its continuous line of track," and after quoting at large sections 39 and 40 of the statute, it was further said: "It needs no argument to show that the railroad bridge at Rulo is neither a machine shop, a general office building or a storehouse; and if this bridge, within the meaning of the statute, is neither real nor personal property outside the right of way of plaintiff, it is not to be assessed by the local assessor, but is taxable only by the state board of equalization. There is no claim that it is exempt from taxation, the only controversy being as to the jurisdiction of the taxing powers. If it is inside, *i. e.,* a part of, the right of way, as the term is employed in the act, then it must be assessed by the state board, otherwise not. The meaning of the term 'right of way,' as employed by the statute, is important, indeed, decisive of the question."

This fact is made the basis of the decision. Manifestly all other matters discussed in the opinion are legal questions and relate to the construction of sections 39 and 40 of the revenue law (Compiled Statutes, 1901, ch. 77). Clearly this does not make the determination of the question depend upon any disputed fact. It is held that the fact which is here recited, "if the bridge is inside the right of way as the term is employed in the act," then it must be assessed by the state board. It is in that case, and in the two later cases above referred to, determined as matter

of law that the proper construction of the sections of the statute under consideration is that a bridge which is used by a railroad company as a part of its continuous line of track is assessable by the state board and not by local assessors. The determination of these cases was made to depend upon the existence of this fact alone. It is manifest that this fact was not contested in the prior litigation relied upon as an estoppel in this case. The pleadings in that case will not admit of the construction that an issue was tendered as to whether the property of the railroad company was situated in more than one county, or as to, whether the railroad company owned the bridge in question, or as to whether it used the bridge as a part of its continuous line of track, or as to whether the bridge was inside the right of way within the meaning of the statute as it is now construed. The question contested was whether these facts brought the case within the provision of section 39, and it was erroneously determined that they did not. The court, in determining whether the conceded ultimate facts constituted the bridge in question a part of the continuous line of road within the meaning of the statute, said that it was shown that much higher rates were charged for the transportation of passengers and freight across the bridge than over any portion of defendant's road, and that while, in fact, so far as the running of trains and transportation of passengers was concerned, no change or transfer was made, yet additional burden was placed upon all for crossing the bridge. It was said: "To that extent, at least, the road was not operated as a continuous line." Other facts are mentioned in the opinion as tending to show that the road was not operated as a continuous line. Upon consideration of all these facts, none of which were in dispute, it was concluded that the road was not operated as a continuous line within the meaning of the law. This construction of the law has been found to be erroneous, and it is by the later decisions declared to be the law of this state that the facts which have always been conceded to exist

constitute the bridge a part of the continuous line of road within the meaning of the statute. The facts, then, to which the construction of the statute is applied are not in controversy in this case, and have never been controverted, but always conceded or assumed in all the similar litigation. It follows that neither party is estopped to assert these essential facts. The other questions presented by the record are sufficiently discussed in the opinions above referred to.

The judgment of the district court is

AFFIRMED.