Schulz, S.
The comptroller appealed from an order fixing the tax upon the estate of the decedent, upon the ground that it fails to include therein the tax imposed by section 221-b of the Tax Law. In the brief submitted in his behalf his counsel states that the appeal is now withdrawn.
A son of the decedent also appeals therefrom for the reason that it fixes a tax upon a remainder in the trust fund which he claims was not given to him by *510 the will of the decedent and is not taxable in this proceeding.
On July 19, 1892, when the appellant was seventeen years of age, the decedent by an agreement in which he was designated as the party of the first part, and his wife as the party of the second part, created a trust fund of $10,000 of which his wife was to receive the income during her life for her support and maintenance, and the agreement then provided so far as material to this controversy that upon the death of the party of the second part, the trustee should “ pay the said principal sum of Ten thousand dollars ($10,000) to the party of the first part, or if he be then dead to said William C. Roeck [the son in the proceeding named as Christian William Roeck] if he be then thirty years of age, or as soon as he shall arrive at thirty years' of age, applying the income to his support until he attains thirty years, and if he shall not attain the age of thirty years and said party of the first part shall not be living at the death of the party of the second part, to pay said principal, less commission, to such person as the said party of the first part shall by his last will duly executed designate * * *.”
The decedent died first leaving a will dated September 21, 1900, at which time the appellant was twenty-six years of age. In this will he referred to the trust agreement above mentioned and provided :as follows: “ I hereby ratify and confirm the provisions of said instrument in all respects, but should I and my said son, Christian William Roeck, both die before the decease of my said wife, then I give and bequeath the said sum of Ten Thousand Dollars ($10,000) so appropriated, for the use of my said wife after her death to my three sisters * *
The appraiser assessed the trust fund on the theory *511 that the remainder, which he valued at $6,865, came to the son through the will.
In this he erred. Whatever the son gets of this trust fund, he gets under the agreement. The decedent had not reserved to himself a general power of appointment. The reservation was conditioned (a) upon the son not attaining the age of thirty years; (b) upon the decedent dying before his wife. The decedent has predeceased his wife who still survives, but the son was forty-three years of age at the time of the decedent’s death. As he takes the remainder under the agreement made for a valuable consideration, not in contemplation of the death of the decedent and not to take effect in possession and enjoyment at the death of the decedent, it does not come under the provisions of the Tax Law upon the decedent’s death. Matter of Daniell, 40 Misc. Rep. 329; Matter of Valentine, 91 id. 203; Matter of Masury, 28 App. Div. 580; affd., no opinion, 159 N. Y. 532; Matter of Keeney, 194 id. 281; affd., 222 U. S. 525; Matter of Wendel, 223 N. Y. 433.
As I have the power to fix the tax without referring the matter back to the appraiser, the item “ Beniainder of trust fund $6,865 ” will be deducted from the interest of the appellant which is taxable and the tax reduced by deducting therefrom the sum of $68.65.
Decreed accordingly.