## Staunton.

## Pembroke Limestone Works v. Commonwealth of Virginia and Giles County.

### September 23, 1926.

1. Taxation—*Corporations—Capital—Minerals—Fixtures and Machinery —Case at Bar.*—In the instant case petitioner owned and operated in Giles county a crushing plant for the manufacture of crushed stone. Both the quarry and the land on which the crusher plant was located were leased by petitioner. Petitioner was assessed with taxes on its "capital employed in business" and upon this capital paid the taxes required by law. The assessment complained of was made by the commissioner of revenue for Giles county, acting in conjunction with the mineral lands assessor, "upon the fair market value of the fixtures and machinery," in which "fixtures and machinery" its entire "capital" employed in Giles county was invested.

   *Held:* That the assessment on the capital employed in business was the legal assessment, while the assessment by the mineral lands assessor in conjunction with the commissioner of revenue was an illegal assessment.

2. Former Adjudication or Res Judicata—*Doctrine Firmly Established in Virginia.*—The doctrine of *res judicata* is firmly established in our jurisprudence and should be maintained where applicable.

3. Former Adjudication or Res Judicata—*Taxation—Application of the Doctrine to the Commonwealth or its Subdivisions.*—It would seem that the doctrine of *res judicata* has not been applied to the Commonwealth or to subdivisions of the Commonwealth subject to its governmental authority when the question involved was whether the citizen could invoke for his relief from taxation alleged to be illegal, a statute which expressly authorizes his application for such relief.

4. Taxation—*Legislative and not a Judicial Function—Power of the Legislature.*—Taxation is a legislative and not a judicial function. It rests in the sovereign power of the State and is inherent in such sovereignty. This State, through the General Assembly, determines the property subject to taxation—who shall and who shall not pay taxes—and there are no limitations upon these powers except those imposed by the State and Federal Constitutions. Except as thus limited, the State may relieve its citizens from taxes, even if legally assessed, and this great power must be conceded.

5. TAXATION—*Relief—Double Assessment—Code of 1919, Section 2385, as Amended by Acts of 1924, Page 451 (Code of 1924, Section 2385).*—It is clear from the language of the Code of 1919, section 2385, as amended by Acts of 1924, page 451 (Code of 1924, section 2385), that its specific purpose is to permit the taxpayer to make another application alleging that there has been a double assessment of the same property, and, if he establishes the truth of his allegation, to authorize his exoneration.

6. TAXATION—*Relief from Double Assessments—Code of 1919, Section 2385, as Amended by Acts of 1924, Page 451 (Code of 1924, Section 2385).*— Code of 1919, section 2385, as amended by Acts of 1924, page 451 (Code of 1924, section 2385), is remedial and remedial statutes are not strictly construed, but are given a liberal construction with the view of advancing the remedy sought to be applied in accordance with the true intent and purpose of the legislature.

7. TAXATION—*Former Adjudication or Res Judicata—Validity of Tax upon the Same Person or Property for Successive Years—Facts the Same.*—A decision affirming or denying the liability of a particular person or a particular piece of property for one year is not necessarily conclusive on the same person or the same piece of property for subsequent years, although the parties are the same, but nevertheless, if the facts upon which the liability depends are necessarily the same in successive years, the judgment in respect to the tax for the first year is conclusive as to subsequent years, and a party against whom such a decision was rendered will not be permitted to raise the same question with respect to the tax for the subsequent years.

8. TAXATION—*Former Adjudication or Res Judicata—Validity of Tax upon the Same Person or Property for Successive Years.*—A decision affirming or denying the liability of a particular person or a particular piece of property for taxes for one year is not conclusive as to subsequent years, if the facts are not necessarily the same, as for example when the claim of illegality is a practical discriminatory application of a statute, for it is then held that the fact that the discrimination was practiced in one year is not conclusive proof that it was practiced in the following year, and the judgment as to one year is not *res judicata* as to the following year.

9. TAXATION—*Erroneous Assessment—Double Assessment—Former Adjudication or Res Judicata—Section 2385 of the Code of 1919, as Amended by Act of 1924, Page 451.*—The instant case was a proceeding for relief by petitioner from an assessment of taxes. Petitioner claimed that there was a double assessment of the same property. The trial court sustained a demurrer to the application of petitioner upon the ground that the matters had been adjudicated by a former order of the court wherein relief against the assessment was denied, and held that the question could not be reopened.

*Held:* That the General Assembly can empower the courts to reopen the question of double assessment even if decided in a former litiga-

tion and that its purpose to do so by the amendment (Acts of 1924, page 451) to section 2385 of the Code of 1919 (Code of 1924, section 2385) was manifest.

Error to a judgment of the Circuit Court of Giles county, on an application for relief from double taxation. Judgment for the defendants. Petitioner assigns error.

*Reversed.*

The opinion states the case.

*M. P. Farrier* and *Hall & Buford*, for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General, Martin Williams* and *W. B. Snidow*, for the defendant in error.

Prentis, P., delivered the opinion of the court.

The petitioner complains of an order refusing relief from an assessment of taxes for 1922, claiming that there was a double assessment of the same property.

The Pembroke Limestone Works owned and operated a crushing plant for the manufacture of railroad ballast and other commercial crushed stone. Both the quarry from which the crude stone is taken (leased for a royalty) and the land on which the crushing plant is located are leased from their respective owners. The petitioner is not assessed with and does not pay the taxes either on the quarry or on the land on which the crushing plant is located. For the year 1922 it was assessed with taxes on its "capital employed in business," the business being located in Giles county, Virginia, and upon this capital it has paid the taxes required by law. The assessment which is here com-

plained of was made by the commissioner of the revenue
for Giles county, acting in conjunction with the mineral
lands assessor, on a valuation of $50,000, as upon "the
fair market value of the fixtures and machinery," in
which "fixtures and machinery" its entire "capital".
employed in Giles county was invested.

[1] It seems to be clear, and so it was decided by
the Circuit Court of Giles county, that assessments on
the capital so employed in business for the years 1923
and 1924 were the legal assessments, while assessments
made by the mineral lands assessor in conjunction with
the commissioner of the revenue on the fair market
value of the fixtures and machinery which had been
already assessed as capital for the same years were
illegal assessments. *Commonwealth* v. *Pembroke Lime-
stone Works*, 145 Va. 476, 134 S. E. 717, this day affirmed.

We are here only concerned with the assessments
for the year 1922. As to these the trial court sustained
a demurrer to the application, upon the ground that
the matter had been adjudicated by an order of the
September term, 1923, wherein relief against either of
the assessments for 1922 taxes was denied, and held
that this question as to the 1922 assessments could
not be reopened, and consequently refused any relief
for that year.

The identical assessments here questioned were in-
volved in the case of *Pembroke Limestone Works* v.
*Commonwealth and others*, 139 Va. 270, 123 S. E. 334,
decided June 19, 1924, in which an order dismissing
the application was affirmed here because there was no
bill of exceptions signed within the time prescribed by
law.

The contention in the pending case that the trial
court erred in holding that the question here involved
has been finally adjudicated is based upon a recent

amendment to Code, section 2385, approved March 20, 1924 (Acts 1924, p. 451). That act restored to section 2385 a certain provision which had been omitted in the amendment of the section approved March 16, 1920 (Acts 1920, p. 316), and provided that "where it is shown to the satisfaction of the court that there has been a double assessment of the same property in any case, one of which assessments is proper and the other erroneous, and that a proper single tax has been paid thereon, the court may order that the applicant be exonerated from such erroneous assessment, whether the erroneous tax has been paid or not, and even though the application be not made within two years as hereinbefore required." With the omission in the 1920 act apparently in mind, this amendment of 1924 concludes thus: "Any person who, since March sixteenth, nineteen hundred and twenty, has made an application for exoneration from an erroneous double assessment, and has been denied the relief applied for, may again make such application and shall be entitled to the same relief as he would be entitled to had no previous application been made by him."

[2, 3] The determination of the question presented, then, depends upon the effect and the proper construction of the language just quoted. If we agree with the learned trial judge, we will apply the doctrine of *res judicata*, for it is perfectly apparent that the legality of the assessment of the same tax upon the same property was involved in and then disposed of under the 1920 statute, then effective, by the previous decision which was affirmed by this court in 1924, as above stated. That the doctrine of *res judicata* is firmly established in our jurisprudence, and should be maintained where applicable, cannot be successfully controverted. It has its basis, however, and is pri-

marily for the protection of the rights of private litigants. So far as we know, it has not been applied to the Commonwealth or to subdivisions of the Commonwealth subject to its governmental authority when the question involved was whether the citizen could invoke for his relief from taxation alleged to be illegal a statute which expressly authorizes his application for such relief.

[4] Taxation is a legislative and not a judicial function. It rests in the sovereign power of the State and is inherent in such sovereignty. This State, through the General Assembly, determines the property subject to taxation—who shall and who shall not pay taxes—and there are no limitations upon these powers except those imposed by the State and Federal Constitutions. Except as thus limited, the State may relieve its citizens from taxes, even if legally assessed, and this great power must be conceded. Possessing this power, the question here is, whether the usual rule applying to private litigation once ended can be used to deny the power of the State by a later statute to relieve of double taxation illegally imposed.

[5] The State, by this and similar statutes for relief from illegal taxation, has in effect referred to the courts questions of fact, which, when judicially ascertained, if favorable to the taxpayer, operate by force of the legislation to relieve him of an unjust public burden. There can be no doubt whatever as to the intention which is expressed in the act of March 20, 1924. Its manifest purpose is not only to extend the limitation of time, but also to provide for the reopening of the question of double taxation in a new application to the court, and this notwithstanding the fact that there had been a previous application in which the relief had been denied. No elaboration of this prop-

osition is necessary. It is clear from the language of the statute that its specific purpose is to permit the taxpayer to make another application alleging that there has been a double assessment of the same property, and, if he establishes the truth of his allegation, to authorize his exoneration.

[6] In *Commonwealth* v. *Smallwood Memorial Institute*, 124 Va. 144, 97 S. E. 806, it was said with reference to these statutes, as they appeared in a former Code: "It is insistently claimed that the statutes must be strictly construed, and that thus construed the relief can only be granted to the person in whose name the property is assessed. It must be remembered, however, that the statute is remedial, and that its avowed purpose is to provide an expeditious and inexpensive remedy for relief against taxes which have been erroneously assessed or collected, and that remedial statutes are not strictly construed, but are given a liberal construction with the view of advancing the remedy sought to be applied in accordance with the true intent and purpose of the legislature."

[7, 8] The application of *res judicata* in tax cases, so far as we know, has never arisen in a case like this; but it has arisen in litigation involving the validity of a tax upon the same person or property for successive years, and it is held that a decision affirming or denying the liability of a particular person or a particular piece of property for one year is not necessarily conclusive on the same person or the same piece of property for subsequent years, although the parties are the same, but nevertheless, if the facts upon which the liability depends are necessarily the same in successive years, as for example when the effect of a grant of a charter exemption is in controversy, the judgment in respect to the tax for the first year is conclusive as to subse-

quent years, and a party against whom such a decision was rendered will not be permitted to raise the same question with respect to the tax for the subsequent years. The converse of this, however, is true, if the facts are not necessarily the same, as for example when the claim of illegality is a practical discriminatory application of a statute, for it is then held that the fact that the discrimination was practiced in one year is not conclusive proof that it was practiced in the following year, and the judgment as to one year is not *res judicata* as to the following year. *New Orleans* v. *Citizens Bank,* 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202; *Stone* v. *Farmers' Bank,* 174 U. S. 409, 19 S. Ct. 880, 43 L. Ed. 1027; *Baldwin* v. *Maryland,* 179 U. S. 220, 21 S. Ct. 105, 45 L. Ed. 160; *Lander* v. *Mercantile Nat. Bank,* 186 U. S. 458, 22 S. Ct. 908, 46 L. Ed. 1247; *Gunter* v. *Atlantic Coast Line R. Co.,* 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477; *Chicago, etc. R. Co.* v. *Cass County,* 72 Neb. 489, 101 N. W. 11, 117 A. S. R. 806; 26 R. C. L. 448.

In the recent case of *Re Wendel,* 223 N. Y. 433, 119 N. E. 879, 5 A. L. R. 177, it is said, substantially, that the power to impose taxes is one so unlimited in force and so searching in extent that the courts scarcely venture to declare that it is subject to any restriction whatever, except such as rests in the discretion of the authority which exercises it. Taxation should not be excessive nor unnecessarily arbitrary; but there are no other limitations upon its exercise except that due process of law must be observed. Cooley Const. Limitations (7th ed.), 678.

The precise question which is here determined is not involved in any of the cases cited—that is, the power of the State, through its legislative branch, to waive for itself and its local subdivisions the right to rely

upon the *res judicata* doctrine. This is just what the General Assembly of Virginia has done by this statute. To deny the authority of the State to waive this right is to interpose against the claim of the taxpayer a rule of law which was designed to protect private litigants from repeated litigation, and to apply this doctrine to this case would be to ignore the statute, to interpose the judicial power to the damage of the citizen and against the fiat of the legislative power upon a question as to which the legislative power is supreme.

[9] So, when we bear in mind the fundamental propositions of which we have spoken, *i. e.*, that the whole subject of taxation is legislative rather than judicial, that it is an unlimited and inherent power of sovereignty, that the greater includes the less, it leads us in this case to the conclusion that the General Assembly could empower the courts to reopen the question of double taxation, even if decided in the former litigation, and that its purpose to do so by this 1924 statute is quite manifest.

This then leads to the conclusion that the court erred in refusing to exonerate the plaintiff in error from the illegal double assessment of its property for 1922, which is shown. This court will enter an order enforcing this conclusion.

*Reversed.*