GRANVILLE WILLIAMS, APPELLEE, V. ADA NUTTER, APPELLANT.

FILED FEBRUARY 5, 1932. No. 27883.

*Perry, Van Pelt & Marti,* for appellant.

*John C. Hartigan, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and NISLEY, District Judge.

DAY, J.

The plaintiff brings this action to recover $1,500 which he claims one Nutter agreed to pay him if he would consent to the sale of certain Thomas county land which was owned by the plaintiff and upon which the defendant held a mortgage. The case was tried to a jury, which returned a verdict for $766, upon which a judgment was entered and from which the defendant appeals.

The amended petition alleges that the plaintiff was the owner of certain lands situated in Thomas county, Nebraska, and that the defendant held a mortgage upon this land upon which there was due approximately $4,500; that the plaintiff consented to permit defendant to sell or trade said land, with the understanding that the defendant was to pay plaintiff all the proceeds from the sale of the land over the amount of Nutter's lien; that the defendant entered into a contract to transfer the land to one Green, for which Nutter was to receive some land in Kansas; the plaintiff executed a deed to the land to Green, the defendant informing the plaintiff that the Kansas land was taken for a consideration of $6,000; that the defendant had agreed to pay plaintiff the difference, or $1,500. The defendant denied the allegations of the petition, and alleged that the cause of action as pleaded in the plaintiff's petition is *res judicata,* for that the issues have been determined in a case in the district court for Thomas county, Nebraska, wherein the plaintiff herein was a defendant and the defendant herein a plaintiff. He also alleged a written contract, which was denied by plaintiff.

The Thomas county case was a suit to rescind the trade

between Nutter and Green and to reinstate Nutter's mortgage upon the land in that county. Williams was made a party, but upon the final decree the court found that he had no interest in the land and he was dismissed from the action as having no interest therein. The only question in that case was whether Nutter had been defrauded by Green. The consideration upon which this action was based was the transferring of the legal title of land owned by Williams to Nutter, who held a mortgage upon it, in payment of the debt secured thereby. In conformity to this agreement Nutter released his mortgage and Williams, at Nutter's request, conveyed the land to Green. The causes of action are not identical, so that the former action, even if prosecuted to judgment between the parties, would not be *res judicata,* unless a right, question or fact in issue in the present action was put in issue and determined in the former action. A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a basis for a judgment between the same parties cannot be relitigated, even though the second suit is upon a different cause of action. *Chicago, B. & Q. R. Co. v. Cass County,* 72 Neb. 489; *Anderson v. Kreidler,* 56 Neb. 171. No reference is made in any of the pleadings or in the judgment to the transaction between Nutter and Williams, whereby the latter executed the deed to Green at the request of Nutter. The contract which is alleged as the basis of this action was not pleaded and was not an issue in that action. The judgment of the court in that action was that Williams had no interest in the litigation between Nutter and Green to rescind the exchange. When the second action is upon a different cause of action, a judgment in the prior action is *res judicata* only as to those matters in issue upon the determination of which that judgment was rendered. *Slater v. Skirving,* 51 Neb. 108; *Hamilton Nat. Bank v. American Loan & Trust Co.,* 66 Neb. 67, 82.

No right, question or fact to be determined in this case was adjudicated in the Thomas county case. Another test

applicable in this case is that Williams could not have appealed from the Thomas county case because the decision was in his favor. Can he be bound in this case adversely by a favorable judgment in that court? The answer is that the issues in this case were not in issue and determined in that case.

The other contention of the appellant is "that parol evidence is inadmissible to vary or contradict the terms of a written instrument." As an abstract rule of law this contention is correct, but there was a dispute as to whether there was a written contract. The alleged contract was questioned and denied by the plaintiff. The question as to what the contract was between the parties was submitted to the jury under proper instructions. Among other things, the jury were instructed that parol evidence cannot contradict a written agreement, but may explain that which is ambiguous. Before the rule could be applied, it was necessary to decide whether there was a written contract. This issue of fact was resolved by the jury in favor of the plaintiff.

We have examined the entire record and find no prejudicial error. The judgment of the district court is

AFFIRMED.