## THIRD NATIONAL BANK OF LOUISVILLE *v.* STONE, Auditor.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 404.   Argued February 28, March 2, 1899.—Decided May 15, 1899.

The assertion in this case of an irrevocable contract with the State touching the taxation of the plaintiff, arising from the Hewitt Act, is disposed of by the opinion of this court in *Citizens' Savings Bank of Owensboro* v. *Owensboro*, 173 U. S. 636.

The taxes which it was sought to enjoin in this suit were imposed upon the franchises and property of the bank, and not upon the shares of stock in the names of the shareholders, and were therefore illegal because in violation of the act of Congress.

THE statement of the case will be found in the opinion of the court.

*Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr. James P. Helm* and *Mr. John W. Rodman* for the banks.

MR. JUSTICE WHITE delivered the opinion of the court.

The appellant, a banking corporation organized under the National Banking act, and whose charter was renewed on August 6, 1894, for a period of twenty years, filed its bill to enjoin the assessment of certain taxes for the years 1895, 1896 and 1897. The grounds of relief set out in the original and amended bills were substantially as follows: First. That the corporation had accepted the terms of an act of the general assembly of the State of Kentucky, denominated as the Hewitt Act, from which it resulted that there was an irrevocable contract protecting the bank from all municipal taxation and from all state taxation except such as was imposed by the Hewitt Act. The provisions of the Hewitt Act thus relied on were fully stated in *Citizens' Savings Bank of Owensboro* v.

*Owensboro*, 173 U. S. 636. Moreover, it was alleged that on the 18th day of June, 1894, the city of Louisville, having theretofore attempted to collect from the bank certain license taxes, contrary to the terms and conditions of the contract created by the Hewitt Act, the bank commenced suit to prohibit the collection of said taxes, and that these proceedings culminated in a decree of the Court of Appeals of the State of Kentucky prohibiting the collection of the taxes in question, on the ground that the bank had an irrevocable contract, arising from the Hewitt Act, which could not be impaired. The bill specifically alleged that the decree thus rendered by the Court of Appeals of the State of Kentucky constituted the thing adjudged, and, by the presumption arising therefrom, established beyond power of contradiction the existence of the irrevocable contract right. In addition, the bill alleged that the taxes in question were illegal, because they were imposed on the franchise and property of the bank in violation of the act of Congress with reference to the taxation of national banks by the respective States. Rev. Stat. § 5219. The taxes were, moreover, averred to be in violation of the act of Congress, because they were discriminatory, and, in addition, were illegal, because they were, in certain designated respects, repugnant to the constitution and laws of the State of Kentucky.

An opinion was filed by the court holding that as well in this case as in another case considered at the same time relating to the taxes for the years 1893 and 1894, demurrers to the bills should be overruled and motions for preliminary injunctions granted. 88 Fed. Rep. 990. The record, however, establishes that, subsequently, on the attention of the court being directed to the fact that the term of the original charter of complainant had expired in the interval between the levy of taxes for the years 1894 and 1895, (the charter having been renewed and extended on August 6, 1894,) the court entered a decree in the case at bar sustaining demurrers to the original and amended bills and dismissing the suit. From the decree so made this appeal was taken.

The assertion of an irrevocable contract arising from the

Hewitt Act is disposed of by the opinion in *Citizens' Savings Bank* v. *Owensboro.* The contention that the presumption of the thing adjudged takes this case out of the ruling in that case, is without foundation, because the suit brought to prohibit the collection of the taxes and in which the judgment relied on was rendered related to taxes for years prior to the expiration of the charter and before the same was renewed. Indeed, the suit wherein the judgment relied upon as constituting *res judicata* was rendered was commenced before the expiration of the original charter. Manifestly, as decided by the court below, a decree establishing the existence of an irrevocable contract, exempting or limiting the bank from taxation for one charter term, is not the thing adjudged as to whether the bank was subject to taxation during a new period of existence derived from a renewal of its original charter life, for, however persuasive the reasons supporting the conclusion that the corporation could not be taxed during its original charter, it was obviously impossible to have decided that the same rule applied to an extension, which only commenced after the initiation of the suit, wherein was rendered the decree relied on as constituting *res judicata.* A question cannot be held to have been adjudged before an issue on the subject could possibly have arisen. For these self-evident reasons, in *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, where a plea of *res judicata* as to a contract right of exemption was maintained, after the renewal of a charter, the court eliminated from consideration all the judgments which had been rendered prior to the period when the amended charter took effect.

These considerations would render it necessary to affirm the judgment but for the fact that the taxes which it was sought to enjoin were imposed upon the franchises and property of the bank and not upon the shares of stock in the names of the shareholders. It follows therefore that they were illegal, because in violation of the act of Congress. *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664.

> *The decree below must therefore be reversed and the case be remanded for further proceedings in conformity to this opinion, and it is so ordered.*