## LOUISVILLE *v.* THIRD NATIONAL BANK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF KENTUCKY.

No. 364.   Argued February 28, March 2, 1899. — Decided May 15, 1899.

*Third National Bank of Louisville* v. *Stone, Auditor, ante,* 432, followed in
holding that taxes like those here in question are illegal, because levied
upon the property and franchise of the bank, and not upon the shares of
stock in the names of the shareholders.

THE case is stated in the opinion of the court.

*Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr.
James P. Helm* and *Mr. John W. Rodman* for the bank.

MR. JUSTICE WHITE delivered the opinion of the court.

The appellee, the Third National Bank, filed its bill to
enjoin the collection of certain taxes, relying upon grounds in
all respects like unto those alleged in case No. 404, *ante*, p.
432.   There was, however, this difference between the facts
of the latter case and those arising on this record.: In this case
the taxes sought to be enjoined were levied prior to the
renewal of the charter of the bank.   Because of this differ-
ence the court below concluded that the want of power to
assess and levy was conclusively established by the presump-
tion of the thing adjudged arising from the decree of the
Court of Appeals of Kentucky, to which we have referred in
case No. 404.   We need not, however, consider the question of
*res judicata* upon which the court below based its conclusion,
as we have in case No. 404, just announced, held entirely
without reference to the plea of *res judicata*, that taxes in form
exactly like those here in question were illegal because levied
upon the property and franchise of the bank, and not upon
the shares of stock in the names of the shareholders.   It
follows, therefore, that the decree below which restrained the
collection of the taxes was correct, and it is therefore

*Affirmed.*