BALDWIN *v.* MARYLAND.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 113. Argued November 16, 1900.—Decided December 3, 1900.

The controversy between the State of Maryland and the estate of the ward having been finally settled in favor of the State, and the only Federal question presented in this case having been determined in favor of the State, this court declines to consider the purely local question whether a judgment binding the estate binds also the sureties on the guardian's bond.

THE facts are these : Prior to 1880 certain residents of Maryland died, leaving property to Columbus C. Baldwin, a minor. After the settlement of the estates of the decedents a guardian of the estate of said minor was appointed by the Orphans' Court of Washington County, Maryland. In consequence of the death of the guardian succeeding guardians were appointed, and in August, 1891, William Woodward Baldwin was duly appointed a guardian of the estate of such minor, and gave bond to perform his duty according to law. The present plaintiffs in error were sureties on that bond. During the years of the guardianship the Register of Wills of Washington County made annual returns to the county commissioners of the property of estates unsettled, and among those that of the estate of this minor, and taxes were levied thereon in accordance with law, and were

duly paid up to the year 1893. The taxes for 1893 and 1894 being unpaid, the guardian filed a bill in the Circuit Court for Washington County to restrain their collection. The basis of his contention was that both he and the ward were non-residents of Maryland, and that the estate of the ward had been taken by him outside of the State. The Circuit Court decided against him, and denied the injunction. This judgment was affirmed by the Court of Appeals of the State. 85 Maryland, 145. An attempt was made to review that judgment in this court, but the writ of error was dismissed (168 U. S. 705) on the ground that no Federal question had been distinctly preserved, or, if preserved, that there was a non-Federal question which was decisive of the case. Thereafter, the taxes being still unpaid, and the estate still unsettled, and the same statement presented by the Register of Wills to the county commissioners in respect to the taxes of 1895, this action was commenced to recover from the bondsmen the amount of the taxes for the years 1893, 1894 and 1895. Judgment was rendered against them in the trial court, and affirmed by the Court of Appeals of the State, (89 Maryland, 587,) to reverse which judgment this writ of error has been sued out.

*Mr. Charles A. Boston* for plaintiffs in error.

*Mr. Henry Kyd Douglas* for defendant in error.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The controversy in the case reported in 85 Maryland, 145, was one between the estate of the ward and the State of Maryland. In that case the right of the State to compel a payment by the estate of the ward of taxes levied thereon for the years 1893 and 1894 was settled. The personality of the litigants, the form of the action, do not disturb the substantial fact that the controversy was between the estate of the ward and the State of Maryland, and that that controversy was determined in favor of the State. This court declining to disturb the final judg-

ment of the Court of Appeals of the State of Maryland, that controversy is settled and beyond further litigation. The matter has become *res judicata* between the estate and the State. There is no pretence that the taxes of 1895 stand in any other condition as to matter of fact than the taxes of 1893 and 1894, which were in terms included within the litigation settled by the decision referred to. The ruling therefore, as to the taxes for 1895 comes within the force of that decision, and is determined by the conclusion in respect to the taxes of 1893 and 1894. *Johnson Co.* v. *Wharton*, 152 U. S. 252; *Last Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683; *New Orleans* v. *Citizens' Bank*, 167 U. S. 371.

The controversy, therefore, between the State of Maryland and the estate of the ward having been finally settled in favor of the State, and the only Federal question presented in this case being that already determined as to the right of the State to enforce a tax upon the property of the ward, it is unnecessary to consider the purely local question as to whether a judgment binding the estate binds also the sureties on the guardian's bond. *Murdock* v. *Memphis*, 20 Wall. 590; *Myrick* v. *Thompson*, 99 U. S. 291, 297; *Swope* v. *Leffingwell*, 105 U. S. 3.

The judgment of the Court of Appeals of Maryland is

*Affirmed.*

Mr. Justice White and Mr. Justice Peckham dissented.