# CHARLESTON

## BANK v. STATE.

Submitted September 11, 1905.    Decided December 15, 1905.

1. TAXATION—*United States Bonds—Bank Stock.*
   Bonds of the United States held by a national bank as part of its
   capital cannot be taxed by the State or under its authority. Stock
   in such bank may be taxed to its owner.  (p. 561).

Error to Circuit Court, Berkeley County.

Action by Old National Bank of Martinsburg, and others,
against the county court of Berkeley county, and others.
Judgment for plaintiffs and certain defendants bring error.
*Affirmed.*

C. W. MAY, Attorney General, and C. W. DILLON, for
plaintiffs in error.

FAULKNER, WALKER & WOODS, for defendants in error.

BRANNON, PRESIDENT :

The Old National Bank of Martinsburg and the Citizens
National Bank of Martinsburg rendered to an assessor of
Berkeley county for taxation in 1903, separate statements of
the value of all their personal property, including money,
credits and investments, in pursuance of the tax assessment
law of West Virginia, showing the total of their property,
but deducting therefrom the bonds of the United States held
by them as securities in which their capital stock had been
invested. The assessor denied their right to deduct such
bonds, and assessed them with their entire personal property
including such bonds. The said banks filed before the county
court their joint petition asking that they be relieved from
such assessment of United States bonds and their assessments
diminished by the amount of such bonds, and the county
court having refused them relief, they carried the case by
writ of *certiorari* to the circuit court, and that court reversed
the action of the county court and exhonerated the banks
from such assessment to the extent of said national bonds,
and the state and county have brought the case to this Court
by writ of error.

In the year 1819 that great decision was pronounced by
the Supreme Court of the United States, through Chief Jus-

tice Marshall, which has ever since exerted so much influence upon the powers of the federal government. I refer to the historical case of *McCulloch* v. *Maryland*, 4 Wheaton 316. It holds that, "The state governments have no right to tax any of the constitutional means employed by the government of the Union to execute its constitutional powers. The states have no power, by taxation, or otherwise, to retard, impede, burden, or in any manner control the operations of the constitutional laws enacted by congress, to carry into effect the powers vested in the national government." This doctrine has been ever since maintained, and has been frequently said to be axiomatic. *Owensboro National Bank* v. *Owensboro*, 173 U. S. 664. Under this principle falls a national bank, since it has been held frequently to be an agency or instrumentality created for public national purpose, and as such, necessarily subject to the paramount authority of the nation, and beyond the power or control or regulation of any state, save only so far as congress may confer upon the state that power. *Davis* v. *Elmira Savings Bank*, 161 U. S. 283. Therefore, as held in *Owensboro Nat. Bank* v. *Owensboro*, 173 U. S. 664, "A state is wholly without power to levy any tax, either direct or indirect, upon national banks, their property, assets and franchises, except when permitted so to do by the legislation of Congress." The opinion says (p. 668): "It follows then necessarily from these conclusions that the respective states would be wholly without power to levy any tax, either direct or indirect, upon the national banks, their property, assets or franchises, were it not for the permissive legislation of Congress."

Seeing that the state cannot tax a national bank, either as a corporation or by its property of any sort, except as congress has allowed it, we must look at the federal statute. The national banking act provided that, "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the *taxation* shall not be at a greater rate

than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property is taxed." U. S. Rev. Stat., section 5219. On this section the Supreme Court in said case held, "Section 5219 of the Revised Statutes is the measure of the power of the states to tax national banks, their property or their franchises, that power being confined to a taxation of the shares of stock in the names of the shareholders, and to an assessment of the real estate of the bank."

We find in that section no power given a state to tax the bank as a corporation, its franchise, its property or investments—any personal property—owned by it. It does empower a state, county or municipality to tax a bank's real property, but not any other property owned by the bank itself. Thus not only are national bonds held by the bank exempt by force of this section, but also all other personalty is exempt, and this by force of that section, without looking at other law, for the simple reason that it is a national bank and no power to tax such personalty is conceded by national law. The section quoted above expressly concedes to a state power to tax *shares of stock* owned by individual stockholders. Under that section the state, to repeat, can tax stockholders in their own names, with their shares of stock in a national bank, but cannot tax the bank, as such, with any of its personal property. *VanAllen* v. *Assessors*, 3 Wall. 573; *Owensboro Nat. Bank* v. *Owensboro*, 173 U. S. 664. In *Louisville* v. *Third Nat. Bank*, 174 U. S. 435, it was held that taxes were illegal because levied upon the property and franchise of a national bank and not upon the shares of stock in the names of the stockholders. Section 5219, U. S. Rev. Stat., alone rendered void the taxes in this case levied on the bank's capital for the reason alone above stated that the state cannot tax property, of any kind, personal property, of a national bank. But it is argued that as the act of congress allows taxation against stockholders on their shares, the taxation of the bonds to the banks is equivalent to taxation of the shares of the stock-

holders themselves. In the first place, the *letter* of section 5219 does not justify us in sustaining such equivalency. It says the stock shall be charged to its holder. And in the second place, we say that this particular point has been several times made before the Supreme Court of the United States and it has uniformly been held that no such equivalency exists, and that the charge of the capital of a national bank to the bank is not the equivalent of a charge of the stock to its owners, and that a charge to the bank of its capital is void and not justified on the theory that it amounts to the same as would a charge of the stock to its holders. That Court has several times held that the bank in its corporate capacity or personality is one thing, and the shares in its stock another and different thing. *Van Allen* v. *Assessors,* 3 Wall. 573; *Bradley* v. *People,* 4 Wall. 459; *Bank* v. *Commonwealth,* 9 Wall. 353; *Owensboro Nat. Bank* v. *Owensboro,* 173 U. S. 664; *Third Nat. Bank of Louisville* v. *Stone,* 174 U. S. 432.

I have said that section 5219 alone forbids, or rather does not grant, the states right to tax personalty of a national bank, including therein national bonds. The very failure of that section to concede that right denies it. That consideration invalidates the tax imposed in this case. But I add that section 3701 U. S. Rev. Stat. says: "All stocks, bonds, treasury notes, and other obligations of the United States shall be exempt from taxation by or under state or municipal or local authority." Why should national bonds be taxable simply because held by a national bank? They would not be taxable to an individual. Would not that section also forbid it, there being no grant by congress to the states of power to tax such bonds? The claim of the state that circulating notes of the bank based on national bonds can be taxed is not sound. They are *debts* against the bank. The promissory notes given by borrowers for those notes are property of the bank not taxable. There must be *national* law to tax bank, capital, bonds or notes. Where is the national law to tax bonds or notes?

Such is the federal law, and be the state law what it may, if inconsistent with the federal law, the state law must yield. The federal law is supreme in some cases; the state law is supreme in some cases. In this case we must follow the decisions of the Supreme Court of the United States, even if

we have to disregard state law. But I do not think that our state statutes are repugnant to federal law. Consistently with the rule which requires a court to so construe a statute, if possible, as to make it harmonize with the constitution, so we ought to construe the statute law of the state so as to harmonize with national statutes and decisions in matters where the national authority is supreme. The State Code, chapter 29, section 41, requires that "Every person of full age and sound mind shall list for taxation the property belonging to him, including the shares held by him in any national or other bank in this or any other state, except where the same is listed under the provisions of section 64 of this chapter." Section 64, chapter 29, provides, as to incorporated companies, that the assessor "shall ascertain from the proper officers or agents of all incorporated companies  *  *  *  *  *  the actual value of the capital employed or invested by them in their trade or business (exclusive of real estate and property exempt by law from taxation)." Now, observe that section 41 does in terms require a tax-payer to list his shares in a national bank. This is consistent with the federal law. Section 43 declares that there shall be exempt from listing by the tax-payer property "belonging to the United States, or which by the laws of the United States is exempt from taxation by or under state authority." By this provision bonds of the United States are taken out of the taxation imposed by section 41, because by federal law such bonds are exempt. The law of this state is composed of both federal and state law, and property exempt from state taxation by federal law is to be regarded as exempt from taxation under the state assessment law. When section 64 says that exempt property shall not be reported, property exempt by federal law is meant, as well as that exempt by state law. Thus sections 41 and 43 harmonize with federal law, taken together. Section 41 requires persons to list property, including shares in national or other banks, except where the same is listed under the provisions of section 64. And section 64 requires incorporated companies to return for taxation the value of the capital employed or invested by them. This provision means that shares of stock may be charged either to the holder or to the banks; but reading it with section 41 and the provisions of section 64 requiring them to report "the

actual value of the capital employed or invested by them in their trade or business (exclusive of real estate and property exempt by law from taxation)," we say. that the provision giving power to tax bank stock either to the individual or to the bank can apply only to shares in state banks, because the federal statute requires the shares in national banks to be taxed to the holders and not to the banks, and the state law in section 64 releases the banks from reporting any property or investment of a bank that is exempt by law. In other words, the said provisions of the Code exempting a corporation from reporting property exempt by law operates to release them from reporting for taxation in their name shares of stock or investments exempt by state or national law. We do not think that the state law, properly construed, justifies the assessment in the name of the banks of any personal property, and does not justify the assessment to a national bank of its investments in U. S. bonds. Section 51 saying that when stock is charged to a company, its owner need not report it, and section 47 making the word "investments" include securities of the United States, taken alone, would argue against this construction; but we must read all sections coming into the question together. Section 51 cannot apply when federal law forbids an assessment of a national bank. Section 47 does not, under "investments," tax those things exempt. It only means to define "investments" by saying what it covers. It does not *per se* assess taxes. It means that a national bond is an investment, and if law should tax it, it would cover it, as it would cover national bank stock; but it does not itself tax. It does not tax investments exempt by other sections. In other words, national bonds are not taxed by West Virginia statutes, held by individuals or banks, national or state.

I will add that under section 69 the stock can be back-taxed to its owners.

Therefore, we affirm the judgment of the circuit court of Berkeley county.

*Affirmed.*