OPINION. Leech, Judge: The question presented is whether the royalties accruing under agreements licensing the manufacture and sale of patents belonging to petitioner are taxable income to petitioner after the assignment of the royalty agreements to his wife, to whom the royalties were paid. Petitioner first relies upon a plea of res adjudicata. The basis for the plea is our decision in the case of Joseph Sunnen, Docket Nos. 64117, 69526, and 74077, entered June 29, 1935. The validity of this plea must first be determined, since if the plea is sound it will dispose of the controversy. The prior action and decision related to the taxable years 1929, 1930, and 1931. The parties were the same as those here. The question litigated was whether the royalties paid in those years pursuant to a licensing agreement dated January 10, 1928, which had been assigned to his wife on J anuary 8, 1929, were taxable income of the petitioner. It was there held that those royalties were not taxable to petitioner. One of the issues in the instant proceeding is the same as that presented and determined in the prior proceeding, except the action or claim is different in that it has to do with taxes for a later year, i. e., the taxable year. That issue relates to royalties in the amount of $4,881.35 paid to the assignee in 1937, pursuant to the royalty agreement of January 10, 1928, covering the device known as a “cylinder grinder.” It is the established law that where a controlling fact or matter is in issue between the same parties and such fact or matter is again put in issue in a subsequent suit between the same parties or their privies, the former adjudication, if pleaded, will be conclusive of the issue in the later suit, whether or not the cause of action is the same in both suits. Tait v. Western Maryland Ry. Co., 289 U. S. 620; Southern Pacific R. R. Co. v. United States, 168 U. S. 1. We do not think this rule has been modified or changed by the case of Blair v. Commissioner, 300 U. S. 5, where the Supreme Court found that a new, controlling fact had intervened, rendering inapplicable the doctrine of res adjudicata. We are not unmindful of recent decisions tending to limit the application of the Tait case, supra, as applied to tax litigation.[1] Until the rule is more clearly defined, however, we do not believe the doctrine of the Blair case requires a holding that any new legal concept enunciated in a subsequent decision, when the statutory law remains the same, renders the doctrine of res adjudicata inapplicable where the controlling facts and issues are identical. Tait v. Western Maryland Ry. Co., supra; Arundel-Brooks Concrete Corporation, 4 T. C. 938.[2] With respect to the royalty payment in 1937 of $4,881.35, there is a complete identity of issues and parties. The only new circumstance here is that under later decisions of the Supreme Court our former decision would, or at least might, have been different. However, the fact that our decision may have been or even was erroneous does not furnish a basis here for a denial of the application of the doctrine of res adjudicata. Tait v. Western Maryland Ry. Co., supra. We therefore sustain the plea of res adjudicata as to the royalties in the amount of $4,881.35 paid in 1937 under the licensing agreement of January 10, 1928. Respondent erroneously included them in petitioner’s gross income for that taxable year. We do not agree, however, with petitioner’s contention that the plea of res adjudicata is valid as to the royalties paid in subsequent taxable years under the renewal contract of January 10, 1938, nor as to any of the royalties paid in any of the taxable years respecting the other inventions or devices. None of these royalty contracts or assignments were in issue in the prior proceedings. The royalty agreement with respect to the “crankshaft grinders” did not come into existence until June 20, 1939. Although the royalty agreement and assignment with respect to the “pinhole” device were dated December 5, 1931, that agreement and assignment were not before the Court in the prior proceeding. As we have observed, the validity of a plea of res adjudicata where the cause of action is different rests upon the premise that the very matter or thing in issue in the latter suit must have been adjudicated in the earlier action. A question can-not have been adjudged before the subject matter basing the question came into existence. National Bank of Louisville v. Stone, 174 U. S. 432, 435. New Orleans v. Citizens Bank, 167 U. S. 371. Identity of principle involved does not base a plea of res adjudicata. Snyder v. Commissioner, 73 Fed. (2d) 5. New contracts respecting other subjects create new and different controlling issues. Harris-Emery Co., 37 B. T. A. 958; D. F. Strickland, 32 B. T. A. 804. We conclude that the plea of res adjudicata is not valid as to the deficiencies for the taxable years 1938, 1939, 1940, or 1941, nor as to the $15,518.68 royalties paid in the taxable year 1937 under the agreement respecting the “pinhole grinder” device. On the merits, the respondent contends that the assignments of the royalty agreements were mere anticipatory agreements to divert and reallocate income from petitioner’s property to petitioner’s wife, and under the authorities he is taxable thereon. Helvering v. Horst, 311 U. S. 112; Helvering v. Eubank, 311 U. S. 122; Lucas v. Earl, 281 U. S. 111; Harrison v. Schaffner, 312 U. S. 579; Estate of J. G. Dodson, 1 T. C. 416. In the Dodson case petitioner’s decedent was the sole owner of a formula protected by trade-mark. He licensed a corporation, in which he held a majority stock interest, to use the formula and trade-mark on a royalty basis. Later he assigned a half interest in the royalty agreement to his wife. The decedent retained title to the formula and trade-mark. We sustained the respondent in taxing the income from this half interest to decedent. In the case at bar petitioner was the sole owner of certain patented devices. He entered into agreements licensing a corporation, in which he held 1,780 of the 2,000 shares of outstanding capital stock, to manufacture and sell such patented devices for a prescribed period upon a royalty basis. He retained title to all the patents for the periods here involved. The license agreements were for a limited period of time, mutually subject to cancellation without liability on notice of either a six-month or one-year period. Either concurrently with the execution of the royalty agreements, or shortly thereafter, petitioner assigned the royalty agreements to his wife, who received the royalties paid thereunder. We think the facts in these two cases are so closely parallel as to make the Dodson case apposite. Thus, upon that authority, we conclude that all the royalties paid under the licensing agreements during the taxable years, except as to the amount of $4,881.35 paid in 1937 and held excludible under the doctrine of res adjudicada, were, in fact, taxable income of petitioner. In view of our holding that all the royalties paid, except the amount of $4,881.35, were taxable to petitioner, it follows under the stipulation that the deficiencies were determined within the period prescribed by law. Reviewed by the Court. Decision will be entered under Rule 50. Van Fossan, J., dissents. Pelham Hall Co. v. Hassett, 147 Fed. (2d) 63; Monteith Bros. Co. v. United States, 142 Fed. (2d) 139; Commissioner v. Western Union Tel. Co., 141 Fed. (2d) 774; Commissioner v. Security-First Nat. Bank of Los Angeles, 148 Fed. (2d) 937; Henricksen v. Scward, 135 Fed. (2d) 986. Reversed, Commissioner v. Arundel-Brooks Concrete Corporation, 152 Fed. (2d) 225.