**FAIRMONT ALUMINUM COMPANY,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 6946.

United States Court of Appeals
Fourth Circuit.

Argued April 14, 1955.

Decided May 18, 1955.

Earl Q. Kullman, New York City (Kirlin, Campbell & Keating, New York City, on brief), for petitioner.

Melva M. Graney, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from the Tax Court of the United States involving a deficiency in excess profits taxes for the year 1945. 22 T.C. 1377. The question in the case is based upon the contention of taxpayer that its equity invested capital was not less than $1,500,000 instead of $550,000, the amount allowed. Precisely the same question was raised by taxpayer before the Tax Court with respect to the computation of its excess profits taxes for the year 1944, and was

decided adversely to its contention both by the Tax Court and by this court. Fairmont Aluminum Co. v. Commissioner, 4 Cir., 180 F.2d 832, 834. The court below held taxpayer concluded by the decision in the prior litigation on the principle of collateral estoppel. Taxpayer argues that the principle of collateral estoppel has no application (1) because it contends that the prior decision was not one on the merits, (2) because it says that there has been a change of "legal atmosphere" and (3) because it says the Tax Court is not a court at all but an administrative agency. We think that there is no merit in any of these contentions.

There can be no question but that the prior decision was a decision on the merits. In 1926 taxpayer had acquired property formerly belonging to the West Virginia Metal Products Corporation. That property had been sold under foreclosure proceedings and purchased by a committee of bondholders, who transferred it to taxpayer for notes in the aggregate sum of $550,000 and 3,000 of the 60,000 shares of common stock. Taxpayer contended that the property so acquired was worth $1,500,000 but offered nothing in support of the contention except a 1923 balance sheet. With respect to that matter this court said:

"Manifestly a corporate balance sheet more than two years old has no tendency to establish the value of property after it has been foreclosed and held for more than two years thereafter. From the stipulated facts that the negotiations between the bondholders committee and the Adam group were conducted at arm's length, and that only 5% of the common stock was issued to the bondholders with $550,000 of notes, whereas 95% went to the preferred stockholders who put up $200,000, it is a fair inference that the common stock was considered to have little or no value and that the $550,000 was considered the fair value of the property transferred."

We considered also the contention of taxpayer that its claim should be allowed on the ground that it came into being as a tax free reorganization under the holding in Palm Springs Holding Corporation v. Commissioner, 315 U.S. 185, 62 S.Ct. 544, 86 L.Ed. 785 and held that it had not established its claim on this basis, saying:

"Taxpayer contends that it came into being as the result of a tax free reorganization of the West Virginia Metal Products Corporation, relying for this position principally upon the decision in the case of Palm Springs Holding Corporation v. Commissioner, 315 U.S. 185, 62 S.Ct. 544, 86 L.Ed. 785; but even if this were true, it would not benefit taxpayer. The balance sheet offered furnishes no basis for computing equity invested capital in connection with that reorganization or otherwise; and, in addition to this, there is no evidence to take the case out of the ordinary rule that upon a reorganization where one corporation is organized to take over the assets of another, the new corporation takes only the value of the assets transferred (less the transferor's debts) as its equity invested capital. Where the old corporation has a deficit, this may be included in the equity invested capital of the new under [26 U.S.C.A. §] 718(a) (7), but only if the conditions of 718(c) (5) are met, viz., if all the property of the old corporation is transferred to the new, if the sole consideration of the transfer of the property is the transfer to the transferor or its shareholders of all stock of all classes of the transferee, and if the transferor corporation is forthwith completely liquidated and immediately after the liquidation the shareholders of the transferor own all such stock. Even if the bondholders of the West Virginia Metal Products Corporation be treated as stockholders, under the

doctrine of the Palm Springs case, it is obvious that these conditions have not been met. This being true, it is not necessary to consider whether the reorganization falls within the rule of the Palm Springs case."

In the prior case taxpayer relied upon a stipulation of facts, notwithstanding a warning by government counsel that it was insufficient to establish either of the contentions made by taxpayer. When the Tax Court decided that case against taxpayer on the ground that there had been a failure of proof, taxpayer asked to reopen the case for the taking of additional testimony, but this was denied. A subsequent motion for a new trial was likewise denied. On appeal this court had before it all the proceedings had in the Tax Court including these motions and affirmed the judgment there rendered. There can be no question but that the judgment so rendered was a judgment on the merits and was binding upon the taxpayer, on the principle of collateral estoppel on the issues raised as to its equity invested capital. A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form. Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; Clegg v. United States, 10 Cir., 112 F.2d 886; 30 Am. Jur. p. 944; 49 C.J.S., Judgments, § 8, p. 33; 27 Words and Phrases, Merits, pp. 146–147. Certainly a judgment on an agreed statement of facts is a judgment on the merits, just as is a judgment on the pleadings. See 27 Words and Phrases, Merits, p. 146 and cases there cited. And it does not become anything other than a judgment on the merits because a party fails to include in the agreed statement facts necessary to support his contentions. When taxpayer has invoked the judgment of the court with respect to his claim, he is bound by an adverse judgment, whether this has resulted from the fact that the law is against him, from failure to produce sufficient proof or from failure to include sufficient facts in a stipulation.

It is well settled that, although a judgment rendered with respect to taxes for one year is not res judicata in a suit for taxes for another year, a decision as to a matter put in issue and decided in the former suit is binding on the principle of estoppel by judgment or collateral estoppel with respect to the same matter arising in the subsequent litigation, provided that, in the meantime, there has been no change in the fact situation or in the law applicable thereto. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 601, 68 S.Ct. 715, 719, 92 L.Ed. 898. As said by the Supreme Court in the case cited:

"Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. Collateral estoppel operates, in other words, to relieve the government and the taxpayer of 'redundant litigation of the identical question of the statute's application to the taxpayer's status.' Tait v. Western Md. Ry. Co., 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405.

\* \* \* \* \* \*

"If the legal matters determined in the earlier case differ from those raised in the second case, collateral estoppel has no bearing on the situation. See Travelers Ins. Co. v. Commissioner, 2 Cir., 161 F.2d 93. And where the situation is vitally altered between the time of the first judg-

ment and the second, the prior determination is not conclusive. * * *

"Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. See Evergreens v. Nunan, 2 Cir., 141 F. 2d 927 [152 A.L.R. 1187]. And if the very same facts and no others are involved in the second case, a case relating to a different tax year, the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change."

There has been no change of fact, of law or of "legal atmosphere" affecting taxpayer's equity invested capital, since the decision in the prior case with regard to that matter. The questions of fact essential to the judgment in that case are the same questions of fact which are involved here; and the case cannot be distinguished in principle from Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, cited with approval in the Sunnen case, supra. In the Tait case this court had held that, where bonds of a railroad had been sold at a discount, it was proper, for income tax purposes, that such discount be amortized over the life of the bonds and a proportionate part thereof be deducted each year as accrued interest from gross income. A deduction was allowed for the tax years 1918 and 1919. Western Maryland Ry. Co. v. Commissioner, 4 Cir., 33 F.2d 695. In subsequent litigation relating to tax liability for the years 1920–1925, the same question was raised and it was held that the parties were bound by the determination thereof in the prior litigation. Western Maryland R. Co. v. Tait, D.C., 53 F.2d 211, affirmed 4 Cir., 62 F.2d 933, affirmed by Supreme Court 289 U.S. 620, 53 S.Ct. 706, 707, 77 L.Ed. 1405. In that case the question of the deductability of bond discount was the same for the several years, just as here the questions relating to equity invested

capital are the same. In holding that the decision in the former case operated as an estoppel, the Supreme Court said:

"The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action. Cromwell v. County of Sac, 94 U.S. 351, 352, 353, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262. * * *

"This court has repeatedly applied the doctrine of res judicata in actions concerning state taxes, holding the parties concluded in a suit for one year's tax as to the right or question adjudicated by a former judgment respecting the tax of an earlier year. [City of] New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; Third National Bank v. Stone, 174 U.S. 432, 19 S.Ct. 759, 43 L.Ed. 1035; Baldwin v. [State of] Maryland, 179 U.S. 220, 21 S.Ct. 105, 45 L.Ed. 160; Deposit Bank [of Frankfort] v. [City of] Frankfort, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276. Compare United States v. Stone & Downer Co., 274 U.S. 225, 230, 231, 47 S.Ct. 616, 71 L.Ed. 1013. The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens."

Taxpayer contends that changes in procedural law and in the legal atmosphere brings the case within the exceptions noted in Commissioner of Internal Revenue v. Sunnen, supra; but this con-

tention is so lacking in merit as not to warrant discussion. There has been no change in the law relating to equity invested capital for the years in question and no change in procedural law or the law of evidence which would enable taxpayer to produce evidence that he could not have produced at that time. Taxpayer had all the evidence when our prior decision was rendered as to equity invested capital that it has now; and there has been no change in the facts. Taxpayer is merely attempting to have tried over again the question as to the amount of equity invested capital arising out of the taking over of the assets of the West Virginia Metal Products Corporation, the very matter which we passed upon and determined in the prior litigation. Taxpayer cites the cases of Wodehouse v. Commissioner, 2 Cir., 177 F.2d 881 and 4 Cir., 178 F.2d 987; but in neither of these decisions is collateral estoppel relied on or discussed. Another case relied on is United States v. Erie Forge Co., 3 Cir., 191 F.2d 627, which is manifestly not in point, holding merely that there was no estoppel where the court had never assumed jurisdiction of the matter in dispute in the prior case.

The taxpayer contends also that the doctrine of collateral estoppel, or estoppel by judgment, may not be applied to proceedings of the Tax Court, which, it contends, is not a court at all but an administrative agency. It is perfectly clear, however, that whether the Tax Court be regarded as a court or as an administrative agency, it is exercising judicial functions in hearing tax cases of this character; and, when exercising judicial functions, as distinguished from administrative functions,[1] it is bound to apply such fundamental judicial doctrines as res judicata and estoppel. The case of Commissioner of Internal Revenue v.

Sunnen, supra, in which the Supreme Court was at pains to point out the distinction between res judicata and collateral estoppel with the limitations upon the latter which were applied in that case was a case which originated in the Tax Court; and all of the law there laid down by the Supreme Court would have been beside the point if res judicata and collateral estoppel had no application to Tax Court cases. In the course of the opinions in that case, the court used the following language heretofore quoted, viz., "Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. See Evergreens v. Nunan, 2 Cir., 141 F.2d 927. And if the very same facts and no others are involved in the second case, a case relating to a different tax year, the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change." The case of The Evergreens v. Nunan, 2 Cir., 141 F.2d 927, certiorari denied Evergreens v. C. I. R., 323 U.S. 720, 65 S.Ct. 49, 89 L.Ed. 579, cited by the Supreme Court, is a decision of the Court of Appeals of the Second Circuit, reviewing a decision of the Tax Court, wherein Judge Learned Hand had stated the principle of equitable estoppel or estoppel by judgment as applicable to a Tax Court proceeding. Directly in point in holding the doctrine of collateral estoppel applicable to Tax Court proceedings are the recent cases of Lynch v. Commissioner, 7 Cir., 216 F.2d 574 and Lunsford v. Commissioner, 5 Cir., 212 F.2d 878. And see the cases cited in note 13 of the opinion of the Tax Court in which that court has heretofore applied the doctrine of collateral estoppel.

Affirmed.

---

[1] That res judicata and estoppel do not apply to administrative action, see Houghton v. Payne, 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed. 888; Federal Communication Commission v. Pottsville Broad-casting Co., 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656; N. L. R. B. v. Baltimore Transit Co., 4 Cir., 140 F.2d 51, 55; Wallace Corporation v. N. L. R. B., 4 Cir., 141 F.2d 87, 91.