GEORGE CHRISTIAN, JR. AND MARION E. CHRISTIAN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Christian v. Commissioner
Docket Nos. 35390-87, 36499-87, 5234-88
United States Tax Court
T.C. Memo 1990-229; 1990 Tax Ct. Memo LEXIS 263; 59 T.C.M. (CCH) 538; T.C.M. (RIA) 90229; May 10, 1990, Filed *263 Orders denying petitioners' motions to dismiss for lack of jurisdiction will be issued in each docket. David L. Snyder and Louis Price, for the petitioners. Jill A. Frisch and William R. Davis, Jr., for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
*767 MEMORANDUM FINDINGS OF FACT AND OPINION These cases are before the Court on Petitioners' Motions to Dismiss for Lack of Jurisdiction. [2] Respondent has filed a Motion to Dismiss for Lack of Jurisdiction in docket No. 5234-88 on the ground that the statutory notice of deficiency issued to petitioner Clyde Miles for taxable year 1983 is invalid. The parties asked the Court to defer consideration of respondent's motion to dismiss until a later time to allow them to further develop the facts necessary for disposition of the motion. Since the issue in respondent's motion is unrelated to the issue raised in petitioners' motions, the Court granted the parties' request. Respondent determined *264 deficiencies in income tax and additions to tax against petitioners as follows: *768 Addition to Tax
Sec.
Sec.
Sec.
Petitioner
Docket No.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
George and
35390-87
* 1979
$  9,844.00
$ 492
--
--    Marion
Christian
* 1980
$ 10,039.00
$ 461
--
--    1981
$ 10,937.00
--
--
--    * 1982
$ 15,008.00
--
$ 750
50% of in- terest due
on $ 15,008 1983
$ 11,925.40
--
--
--    1984
$ 25,349.50
--
--
--    Clyde A.
36499-87
1979
$  6,977.00
$ 349
--
--    Miles
1980
$  8,057.00
$ 403
--
--    1981
$ 10,618.00
--
$ 452
50% of in- terest due
on $ 10,618 1982
$  9,263.00
--
$ 463
50% of in- terest due
on $ 9,263 Clyde A.
5234-88
1983
$ 17,908.00
--
$ 895
50% of in- Miles
terest due
on $ 17,908 Addition to Tax
Sec.
Sec.
Petitioner
6659
6661
George and
$ 2,953.00
--
Marion
Christian
$ 2,764.00
--
$ 3,281.00
$ 2,583.00
$ 1,641
$ 3,577.62
--
$ 7,604.73
--
Clyde A.
$ 2,093.00
--
Miles
$ 2,417.00
--
$ 2,710.00
--
$ 2,779.00
--
Clyde A.
$ 5,372.00
--
Miles
*769 The issue before the Court is whether the unified partnership audit and litigation provisions of sections 6221 through 6233 (TEFRA partnership provisions) apply in these cases. If the TEFRA partnership provisions do apply, then to *265 that extent the notices of deficiency issued to petitioners are invalid, and we must grant petitioners' motions to dismiss. The issue for decision is factual, that is, whether petitioners filed an election pursuant to section 6231(a)(1)(B)(ii) to have the TEFRA partnership provisions apply to their partnership. FINDINGS OF FACT Petitioners George and Marion Christian were residents of Columbia, Maryland, at the time they filed their petition. All references to petitioner Christian are to George Christian, unless otherwise noted. Petitioner Clyde Miles was a resident of Temple Hills, Maryland, at the time of filing of his petitions. Georgetowne Sound (hereinafter Georgetowne) was a partnership formed by petitioners Christian and Miles as general partners on December 12, 1982. Petitioners Christian and Miles were the only partners of Georgetowne. In the notices of deficiency, respondent disallowed claimed partnership losses and investment credits arising from Georgetowne's investment in a master recording. The partnership's Form 1065 for 1982 was timely filed in April 1983. An amended Form 1065 dated April 15, 1983, was subsequently filed. No election letter was attached to the *266 originals of the partnership return or the amended return filed for 1982, both of which were produced by respondent at trial, together with the envelopes in which they were mailed. The 1982 partnership return and the amended return of Georgetowne Sound were prepared by accountant Robert Jones (hereinafter Jones). Jones did not recall discussing the election with petitioners before or after the original partnership return and the amended return were filed. Jones had no recollection that any election was ever supplied to him by petitioners. Accountant Steven Kronzek prepared individual income tax returns for petitioners and partnership returns for Georgetowne beginning in 1984. A copy of the 1982 partnership return of Georgetowne supplied to Kronzek in early 1984 did not have an election attached. OPINION Section 6221 provides that the tax treatment of any partnership item is determined at the partnership level. Section 6221 applies to any partnership taxable year beginning after September 3, 1982. Sec. 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648; Saso v. Commissioner, 93 T.C. 731 (1989); Maxwell v. Commmission, 87 T.C. 783, 789 (1986). *267 Section 6231(a)(1)(B)(i) provides that the term "partnership" does not include partnerships with fewer than ten partners, each of whom is a natural person, where each partner's share of each partnership item is the same as his share of every other item. Under section 6231(a)(1)(B)(ii), however, a small partnership may elect to have the unified partnership audit and litigation procedures apply to it. The election provided for in section 6231(a)(1)(B)(ii) is made by attaching a statement to the partnership return for the first taxable year for which the election is to be effective. Sec. 301.6231(a)(1)-1T(b)(2), Temporary Proced. & Admin. Regs. The regulations also require that the statement be identified as an election under section 6231(a)(1)(B)(ii), be signed by each person who was a partner at any time during the taxable year to which the return relates, and be filed at the time and place prescribed for filing the partnership return. However, for partnership returns required to be filed before 90 days after publication of the final regulations, the election may be made by filing the statement up to one year before the expiration of the period of limitations for assessment of tax *268 under section 6229(b). The election is effective for the taxable year to which the return relates and all subsequent partnership taxable years, unless the election is revoked with the consent of the Commissioner. Sec. 301.6231(a)(1)-1T(b)(2) and (3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). As noted above, the issue before the Court is purely factual. It has been stipulated that Georgetowne would be a partnership as defined in section 6231(a)(1), but for the exception provided in section 6231(a)(1)(B)(i). The purported election, if properly filed, constitutes a valid election to have the unified audit and litigation provisions, sections 6221 through 6233, apply to Georgetowne. If those provisions apply, then respondent would have been precluded from issuing notices of deficiency to petitioners determining deficiencies based on adjustments arising from partnership items of Georgetowne, and petitioners' motions to dismiss for lack of jurisdiction should be granted. Maxwell v. Commissioner, supra.
Petitioners contend that the evidence proves that an election was prepared in early 1983 in time to be filed with the partnership returns, and that petitioner *269 Christian's testimony that he specifically recalled mailing the partnership returns with an election attached overcomes any presumption that an election was not filed. Respondent argues, however, that petitioners failed to show that an election was, in fact, filed *770 with the partnership returns. We agree with respondent. Petitioners introduced evidence to support their contention that an election was prepared in time to be filed with the partnership's 1982 return. Petitioner Christian testified that in early April 1983, his wife typed a letter on stationery bearing the letterhead of Georgetowne. The letter, a carbon copy of which was admitted into evidence, stated as follows: Dear Sirs:
RE: Georgetowne Sound I.D. #62-1147598 Clyde A. Miles and George Christian have entered into a partnership for purposes of making profits in the music industry. Georgetowne Sound desires to be recognized as such under the new 1982 tax law. We desire to be defined under Subchapter K, Part III, Section 761(a) and Subchapter C, Section 6221 and Section 6231(a)(1)(B)(ii) and Chapter 79, Section 7701(a)(2).
(signed)
(signed)
George Christian
Clyde A. Miles
President
Vice President
Petitioners' expert submitted *270 a report to the effect that the carbon copy of the letter could have been produced in early 1983. No evidence besides petitioners' self-serving testimony was introduced concerning the filing of an election. The objective evidence, however, indicates that an election was not filed with the returns. Specifically, we refer to: (1) the fact that the partnership's accountant, who prepared the 1982 partnership return and the amended return, did not have a copy of an election, (2) the fact that a search of respondent's records revealed no election, (3) the fact that the accountant who prepared the partnership's 1983 and 1984 returns and who was given a copy of the 1982 return by petitioners did not have a copy of an election, and (4) the fact that neither of the two partnership returns filed for 1982, each of which was introduced into evidence, had an election attached. We find it improbable that respondent lost both an attachment to the original return and an attachment to the amended return. The returns offered into evidence by respondent were otherwise complete, including the envelopes in which they were mailed. It seems highly unlikely that none of the above would have had a copy of *271 an election had one ever existed in the first place. According to testimony at trial, petitioner Miles expressed concern at the time the partnership was formed about potential Internal Revenue Service audits related to the business of the partnership and informed petitioner Christian that it was his desire that the two of them be audited together. Supposedly, petitioner Christian was concerned about statements petitioner Miles might make if he were audited separately. We are not persuaded that these alleged concerns of the two partners motivated petitioner Christian, who was not a tax practitioner, to draft an election that coincidentally satisfied regulations which were promulgated years later. [3]
There is no evidence to suggest that petitioners consulted their accountant or any other tax professional with regard to the drafting of an election. It is doubtful that a person with the supposed concerns of petitioners would not seek guidance from an accountant, particularly the accountant who prepared the partnership returns, regarding such an election. Petitioners have the burden of proving *272 that they filed a valid election for the years before the Court. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). No witness besides petitioners testified as to any knowledge of the purported election at the time of filing of the partnership return and the amended return. Furthermore, petitioners' testimony is the only evidence whatsoever that an election was filed. We are not bound to accept implausible testimony of interested parties or witnesses that is not corroborated by any other evidence. Davis v. Commissioner, 88 T.C. 122, 140-141 (1987), affd. 866 F.2d 852 (6th Cir. 1989); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). Petitioners have not carried their burden of proof in establishing that an election was filed. The case of Mitchell Offset Plate Service, Inc. v. Commissioner, 53 T.C. 235 (1969), cited by petitioners, is distinguishable from this case in that corroborating testimony of the taxpayer's accountant supported the claim that an election to be treated as a subchapter S corporation was actually filed. Petitioners' motions to dismiss for lack of jurisdiction will be denied. Orders denying petitioners' *273 motions to dismiss for lack of jurisdiction will be issued in each docket.
Footnotes
1. The following cases were consolidated for purposes of consideration of petitioners' motions, which are identical in all three dockets: Clyde A. Miles, docket Nos. 36499-87 and 5234-88.↩
2. These cases were assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Respondent also determined that there is additional interest due under sec. 6621(c).↩
3. Sec. 301.6231(a)(1)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789↩ (Mar. 5, 1987).