**ORDERED** that the appellant's judgments of conviction are **AFFIRMED.**

George **CHRISTIAN,** et al., Plaintiffs,

v.

**COMMISSIONER OF INTERNAL REVENUE,** et al., Defendants.

Civil Action No. Y–98–1913.

United States District Court, D. Maryland.

May 19, 1999.

Order Denying Reconsideration, Oct. 1, 1999.

George Christian, Columbia, MD, pro se.

Gregory S. Hrebiniak, Tax Division, Washington, DC, for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Plaintiffs George Christian and Marion E. Christian brought suit against the Commissioner of the Internal Revenue Service ("Commissioner"), the Director of the Philadelphia Service Center, and the District Director of the Internal Revenue Service, seeking to enjoin the assessments and collection of federal income taxes for the years 1979 through 1984. Plaintiffs also seek the return of all property and money taken thus far with respect to those years. Defendants filed a motion to dismiss.

### I.

Plaintiffs' claims in this suit arise from their involvement, as partners, with partnerships known as Georgetowne Sound and the Billy Meisner Partnership. In 1987, the Internal Revenue Service ("IRS") issued notices of deficiency for plaintiffs' taxes for the years 1979 through 1984. Plaintiffs challenged the efficacy of the Commissioner's notices of deficiency, and the Tax Court upheld those notices in *Christian v. Commissioner*, 59 T.C.M. (CCH) 538 (1990), *appeal dismissed*, 8 F.3d 817 (4th Cir.1993). Plaintiffs then challenged the merits of the proposed tax assessments. In an extensive opinion, the Tax Court found that the partnership transactions for which plaintiffs took credits and deductions were shams, and that the plaintiffs had no profit motive for entering into the transactions. *See Christian v. Commissioner*, 68 T.C.M. (CCH) 129 (1994), *appeal dismissed*, 101 F.3d 695 (4th Cir.1996).

Meanwhile, plaintiffs sought review of the IRS's determination through administrative channels. On June 3, 1991, the IRS issued a Final Partnership Administrative Adjustment (FPAA) which covered the tax years 1983 and 1984. Plaintiffs filed a petition for readjustment of the 1984 FPAA in this Court. Following a three-day trial, this Court upheld the determinations of the IRS. *See Georgetowne Sound v. United States*, 856 F.Supp. 1056, 1059–60 (D.Md.1993), *aff'd sub nom. Christian v. United States*, 19 F.3d 10 (4th Cir.1994).

### II.

■ Defendants argue that plaintiffs' requests for injunctive relief are prohibited by 26 U.S.C. § 7421(a), which provides that, except as provided in sections inapplicable to this case, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id.* To otherwise qualify for the requested injunction in light of section 7421, plaintiffs would have to demonstrate that there is no adequate remedy at law and prove that they would most likely prevail on the merits of their suit. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Williams v. Internal Revenue Service*, 1998 WL 555427, at *2 (E.D.N.C. April 28, 1998). As to the vast majority of plaintiffs' allegations in this suit, plaintiffs have already exercised their remedies at law in their three previous suits, and they have lost on the merits. Their burden is therefore an impossible one, and this Court therefore lacks subject matter jurisdiction to grant the injunctive relief requested. *See id.*

Defendants argue that the remainder of plaintiffs' claims are barred by claim preclusion, also known as *res judicata*. Claim preclusion is a judicial doctrine which provides:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)).

Plaintiffs have litigated and appealed each of the arguments they present here regarding the assessment of taxes and adequacy of notice of deficiency for the years 1979 through 1984. In their appeal to the Fourth Circuit, plaintiffs made the same arguments made here—that the opinions of the Tax and District Courts were incorrect, that the attorneys and judges falsified evidence, and that there was a conspiracy amongst federal officials regarding their federal income taxes. The Fourth Circuit held that their appeal lacked merit and affirmed the District Court's decision. These claims are therefore barred by *res judicata.*

The only "new" issues raised by plaintiffs are (1) that the recent collection attempts by the IRS are in violation of the ten-year period of limitations, and (2) that the levies against plaintiffs' wages and pension plan are illegal and should be enjoined. These claims must also be dismissed.

■ It is undisputed that the taxes at issue were assessed in 1992. Therefore, the IRS's notices of levy on January 13, 1998 were well within the ten-year limit set forth in 26 U.S.C. § 6502.

■ Plaintiffs are barred by statute and case law from bringing suit seeking an injunction of the levy, because they have not shown that they have no adequate remedy at law. *See* 26 U.S.C. § 7421; *Enochs,* 370 U.S. at 5, 82 S.Ct. 1125. Despite their protestations of impoverishment, plaintiffs do in fact have an adequate remedy at law. They may pay the tax owed, through levy or otherwise, and then bring a suit for refund. *See id.* at 5–7, 82 S.Ct. 1125 (holding that a suit for injunction of levy "may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise"). Nor does this case fall into the narrow exception for situations in which the government has no

chance of ultimately prevailing. *See id.* at 7–8, 82 S.Ct. 1125. Wages and ordinary pension plans are not wholly exempt from levy under 26 U.S.C. § 6334.

Accordingly, defendants' motion to dismiss is granted, and plaintiffs' several pending motions are denied.[1] A separate order in accordance with this ruling is entered herewith.

### ORDER

For the reasons stated in the memorandum entered herewith, it is, this 19th day of May, 1999

ORDERED that

1. Defendants' motion to dismiss is granted;

2. Plaintiffs' motion for summary judgment, motion to show cause, motion for admissions, motion to shorten time for admissions, motion to correct judgment in Civil Case No. Y–91–3104, motion to strike the United States as a defendant, and motion to issue subpoenas are denied; and

3. The Clerk shall close this case.

### MEMORANDUM

Several motions filed by plaintiffs are now pending, including a Motion for Reconsideration of the May 19, 1999 Order, as well as defendants' Motion for Protective Order. Plaintiffs set forth ten arguments in their Motion for Reconsideration. Arguments 2, 4, 5, 6, 7, 8, 9, and 10 merely restate the arguments made in plaintiffs' Motion for Summary Judgment, plaintiffs' Opposition to defendants' Motion to Dismiss, and plaintiffs' oral arguments on January 29, 1999. Those arguments were considered prior to granting defendants' Motion to Dismiss, and were found to be unpersuasive.

■ In Argument 1 of the Motion for Reconsideration, plaintiffs contend that

---

1. Specifically, plaintiffs have filed a motion for summary judgment, a motion to show cause, a motion for admissions, a motion to shorten time for admissions, a motion to cor-

rect judgment in Civil Case No. Y–91–3104, a motion to strike the United States as a defendant, and a motion to issue subpoenas.

their cause of action for tax year ("TY") 1985 remains at issue. A discussion of TY 1985 was omitted from the May 19, 1999 Memorandum; however, TY 1985 was intended to be included in the years covered by res judicata. Although TY 1985 was not before the Tax Court, plaintiffs are nonetheless prevented from bringing this claim because the TY 1985 deficiency was caused by a credit carryover from 1983 which had been disallowed at the partnership level. Thus, the facts necessary to determine whether a deficiency existed for TY 1985 are identical to the facts already determined by the Tax Court in the prior litigation, even though the Tax Court was examining TY 1983. *See Fairmont Aluminum Co. v. Commissioner*, 222 F.2d 622, 626 (4th Cir.1955) (holding that if the same facts are involved in a later case, the prior judgment will be conclusive as to the same legal issues, even if the first case related to a different tax year).

Plaintiffs' argument 3 concerns the date on which taxes were assessed against them. First, they allege that the taxes at issue were first assessed on or before September 22, 1987. However, at the hearing on January 29, 1999, the government submitted transcripts of IRS assessments which indicated that the taxes were assessed in 1992. Because plaintiffs did not object to the transcripts at that time, the transcripts constituted the only evidence before this Court regarding the date of the assessments, and plaintiffs cannot now dispute their validity.

Plaintiffs argue that if the taxes were assessed in 1992, that assessment was impermissible because there had not been a final Tax Court determination at that time. Plaintiffs fail to provide any reason why this argument was not made in any of their numerous submissions to this Court prior to May 19, 1999; therefore, it is untimely. Plaintiffs' Motion for Reconsideration will be denied.

In light of this ruling, plaintiffs' Motion for Judgment, Motion to Supplement Pleading Pursuant to Rule 15(d), and Motion to Vacate must also be denied. De-

fendants' Motion for a Protective Order will be denied as moot.

Accordingly, all pending motions are denied. A separate Order in accordance with this ruling is entered herewith.

### ORDER

For the reasons stated in the attached Memorandum, IT IS this 1st day of October, 1999, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiffs' Motion for Reconsideration, Motion of Demand for Judgment, Motion to Supplement Pleading, and Motion to Vacate BE, and the same ARE, hereby DENIED;

2. That defendants' Motion for Protective Order BE, and the same IS, hereby DENIED; and

3. That a copy of this Memorandum and Order be mailed to the plaintiffs and to counsel for the defendants.